```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

SHANNON D. BARLOW,            :

    Petitioner,           :

v.                            :      CIVIL ACTION 06-0180-CB-M

BILLY MITCHEM,                :

    Respondent.           :

REPORT AND RECOMMENDATION

    This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required.  It is recommended that this habeas petition be dismissed as time barred and that judgment be entered in favor of Respondent Billy Mitchem and against Petitioner Shannon D. Barlow pursuant to 28 U.S.C. § 2244(d).

    Petitioner pled guilty to two counts of murder and one count of first degree burglary in the Circuit Court of Escambia County on September 27, 1994 for which he received three sentences of life in the state penitentiary, without the possibility of parole, to be served consecutively (Doc. 12, p. 1 and Exhibit E; *see also* Doc. 5, p. 2).  Barlow did not appeal the convictions or

sentence (*see* Doc. 5, p. 3 and Doc. 12, p. 5).

Petitioner filed a State Rule 32 petition on February 4, 2005 which was dismissed, on Barlow's motion, on June 7, 2005 (Doc. 12, p. 5 and Exhibit F, pp. 1-2; *see also* Doc. 5, p. 4). Petitioner's appeal was dismissed by the Alabama Court of Criminal Appeals as untimely filed (Doc. 12, pp. 5-6 and Exhibit G). The Alabama Supreme Court struck Barlow's petition for writ of *certiorari* on November 23, 2005 for failing to comply with Alabama Rules of Appellate Procedure (Doc. 12, p. 5 and Exhibit H).

Petitioner filed a complaint with this Court on March 27, 2006[1] raising the following claims:  (1) His guilty plea was unlawful as it was coerced; (2) his privilege against self-incrimination was violated; (3) the Prosecutor did not disclose evidence which was favorable to him; (4) the conviction violates double jeopardy; (5) the grand jury which indicted him was unconstitutionally selected; (6) he was denied the effective assistance of counsel; and (7) he was denied his right to appeal (Doc. 5).

Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of

---

[1]Respondent states that Petitioner did not file this complaint until May 1, 2006 (Doc. 12, p. 6).  While Barlow did not file a petition which was in the form this Court requires until May 1, 2006 (Doc. 5), Petitioner initiated this action on March 27, 2006 with the filing of a petition on March 27, 2006 (Doc. 1).

limitations period (Doc. 12, pp. 8-11).[2]  Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2244.  The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).

The AEDPA became effective on April 24, 1996.  *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).  The Eleventh Circuit Court of Appeals held that the one-year limitations period would begin to run on that date, April 24, 1996, for potential habeas petitioners whose convictions had already become final by way of direct review.  *Goodman*, 151 F.3d at 1337; *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998).  In other words, the Eleventh Circuit Court of Appeals established a "grace period" through April 23,

---

[2] The Court notes that Respondent has also stated that Barrow's claims are unexhausted in the State Courts (Doc. 12, p. 7).  The Court notes, however, that "[w]hen exhaustion is futile, it need not be required."  *Brand v. Lewis*, 784 F.2d 1515 (11th Cir. 1986), *overruled on other grounds, Kennedy v. Herring*, 54 F.3d 678 (11th Cir. 1995), *cert. denied sub nom. Kennedy v. Haley*, 526 U.S. 1075 (1999).  The Court is aware of no avenue, through the Alabama Courts, which would allow Petitioner to raise these claims and survive the defense of procedural default.  To bring the claims in the State courts would be futile.

1997 so that federal and state criminal defendants would not lose the opportunity to seek federal habeas review.

Petitioner's conviction became final on November 23, 2005, the day on which the Alabama Supreme Court stuck Barlow's petition for writ of *certiorari* (Doc. 12, p. 5 and Exhibit H). As such, Barlow's conviction became final prior to the effective date of the AEDPA. Petitioner also filed a Rule 32 petition, but, it too was completed before the effective date of the AEDPA. Therefore, the statute of limitations clock began running on the date it became effective, April 24, 1996. The time for Barlow to file a federal habeas petition ran on April 23, 1997.

Petitioner's habeas corpus petition was not filed in this Court until March 27, 2006, nearly nine years after the grace period had expired. Clearly, Petitioner's habeas corpus petition was filed well beyond the one-year grace period and filed in violation of 28 U.S.C. § 2244(d).

Barlow has claimed that he is actually innocent of the crimes for which he has been convicted (Doc. 14, pp. 13-15). The U.S. Supreme Court, in *Schlup v. Delo*, 513 U.S. 298, 324 (1995), has stated that, in raising an actual innocence defense to a procedural bar, a petitioner must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." The evidence presented "must show that it is more likely than not

that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327.  In other words, Petitioner must persuade this Court, "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329.  A court can consider constitutional infirmities only after this threshold has been met.

In this action, the Court notes that Petitioner offers only assertions of his innocence.  There is no offer of new evidence.  The Court finds that Petitioner has made no showing of actual innocence and has not overcome the statute of limitations problem presented.  The Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996:  this action is time-barred.

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Billy Mitchem and against Petitioner Shannon D. Barlow pursuant to 28 U.S.C. § 2244(d).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404

(5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 9th day of August, 2006.

                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE